# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **UNITED STATES OF AMERICA, )** | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 4:24-CR-227-1 SEP** |
| **v.** ) | |
| ) | |
| **DAVID S. BECKER,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant David S. Becker ("Becker"), by and through undersigned counsel, respectfully objects to the initial disclosure presentence investigation report ("PSR") filed November 5, 2025. (Doc. 96).

## I.    Background

On May 15, 2024, a federal grand jury in the Eastern District of Missouri returned a two- count indictment, alleging one count of receipt of child pornography and one count of attempted coercion and enticement of a minor. (Doc. 1). Becker pleaded not guilty and proceeded to trial.

On August 13, 2025, the jury returned verdicts of guilty as to one count of possession of child pornography and one count of attempted coercion and enticement of a minor.  (Doc. 92).

On November 5, 2025, the United States Probation Office issued its initial disclosure PSR.  (Doc. 96).

## II.     Objections

Becker respectfully objects to the following paragraphs of the PSR (Doc. 96):

- Offense Conduct:
  - **Paragraphs 7-27** (Becker pleaded not guilty and proceeded to trial. As such, Becker objects generally to the offense conduct set out in the PSR. However, Becker objects with specificity as set out *infra*).

- Victim Impact:
  - **Paragraphs 28** (Becker respectfully objects to the premise that he personally victimized anyone.  The alleged victim described as "Lea" is an imaginary person as well as "Carol" her imaginary mother. The government admitted that their investigation never established their identities and admitted that "Carol" may in fact be a man).

- Offense Level Computation:
  - **Paragraph 36** (no evidence at trial suggested Becker distributed child pornography in exchange for any valuable consideration, and Becker was not charged with distribution);
  - **Paragraph 37** (the evidence does not even arguably support inclusion of this enhancement);
  - **Paragraph 38** (the evidence does not even arguably support inclusion of this enhancement);
  - **Paragraph 45** (the evidence does not support the PSR's assertion that Becker unduly influenced a minor to engage in prohibited sexual conduct.  There was no living minor child.  The minor child was a figment of imagination and did not exist);
  - **Paragraph 47** (the evidence does not support the PSR's assertion that the offense involved a minor who had not attained the age of 12 years.  There was no living minor child.  The minor child was a figment of imagination and did not exist).

- Factors that May Warrant a Departure:
  - **Paragraph 114** (Becker objects to the PSR's contention that he is a

repeat and dangerous sex offender against minors. Becker has never been convicted of any criminal offense until his finding of guilt in the instant case).

- Factors that May Warrant a Sentence Outside of the Advisory Guideline System:
  - **Paragraph 115** (Becker objects to the PSR's contention that there are no grounds for a downward variance in this case. There is an abundance of grounds that will be set out in Becker's sentencing memorandum.).

As a legal matter, Becker's objections to the PSR protect his constitutional rights. In support of said objections, Becker states as follows:

A.    Offense Conduct

Becker has always maintained his innocence to the allegations against him, notwithstanding that the jury ultimately convicted him of both counts of the indictment. As such, the allegations in the PSR concerning the "offense conduct" are allegations which Becker disputes and to which he continues to maintain his innocence. This Court presided over the trial in this case and can make appropriate determinations about relevant facts based on the evidence presented at trial—including during the defense's case-in-chief and through the defense's cross-examination of Government witnesses—and any subsequent evidence presented at a sentencing hearing.

As such, Becker respectfully objects to paragraphs 7 through 27 of the PSR on these grounds but with the understanding that this Court presided over the trial in this case and can make appropriate determinations about relevant facts based on the

evidence presented at trial and any subsequent evidence presented at a sentencing hearing.

      B.    <u>Victim Impact</u>

Becker acknowledges that the single child depicted in the one known image of child pornography count was a victim. Becker respectfully objects to the premise that he personally victimized anyone.  The alleged victim described as "Lea" is an imaginary person as well as "Carol" her imaginary mother. The government admitted that their investigation never established their identities and admitted that "Carol" may in fact be a man.   Nevertheless, maintaining his innocence, Becker respectfully objects to the premise that he personally victimized anyone.

As such, Becker respectfully objects to paragraph 28 of the PSR.

      C.    <u>Offense Level Computation</u>

The PSR includes an enhancement applicable where a defendant distributed child pornography in exchange for any valuable consideration. (*See* Doc. 96 at ¶ 36) (citing USSG §2G2.2(b)(3)(B)). This enhancement does not apply based on the facts of this case.

As with all sentencing enhancements, the Government bears the burden of proving distribution enhancements. *United States v. Durham*, 618 F.3d 921, 931 (8th Cir. 2010) (citing *United States v. Dodd*, 598 F.3d 449, 452 n.2 (8th Cir. 2010)). Here, there was absolutely no evidence presented that Becker "knowingly"

*distributed* any materials. Becker was never not charged with distribution of child pornography in this case. And although file-sharing software was allegedly present on the computer at issue, the Eighth Circuit has "explicitly rejected any suggestion we automatically apply a distribution enhancement based merely on a defendant's use of a file-sharing program." *Id.* (citing *United States v. Ultsch*, 578 F.3d 827, 830 (8th Cir. 2009)). Becker objects to paragraph 36.

The PSR includes another inapplicable enhancement based on the assertion that "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." (*See* Doc. 96 at ¶ 37) (citing USSG §2G2.2(b)(4). "The guideline does not define sadistic, masochistic, or violent conduct." *United States v. Dodd*, 598 F.3d 449, 453 (8th Cir. 2010) (citing USSG §2G2.2, comment. (n.2)). That said, under any definition, the evidence adduced in this case does not support inclusion of this sentencing enhancement. As such, Becker respectfully objects to paragraph 37.

In paragraph 45, the PSR includes an enhancement because "the defendant unduly influenced a minor to engage in prohibited sexual conduct." (*See* Doc. 96 at ¶ 45) (citing USSG 2G1.3(b)(2)(B). There is absolutely no basis for inclusion of this enhancement and the PSR does not expressly indicate the basis for inclusion of this enhancement. The evidence produced at trial does not support the PSR's assertion that Becker unduly influenced a minor to engage in prohibited sexual conduct. The

evidence clearly established that there was no living minor child.  The minor child was a figment of imagination and was produced in an attempt to "catfish" Becker. Therefore, no living child was influenced to commit any act.

In paragraph 47, the PSR applied an enhancement because "the offense involved a minor who had not attained the age of 12 years." (*See* Doc. 96 at ¶ 47) (citing USSG 2G1.3(b)(5). There is absolutely no basis for inclusion of this enhancement nor does the PSR expressly indicate the basis for inclusion of this enhancement. The evidence produced at trial does not support the PSR's assertion that the offense involved a minor who had not attained the age of 12 years.  The evidence clearly established that there was no living minor child.  The minor child was a figment of imagination and was produced in an attempt to "catfish" Becker. Therefore, no living child was influenced to commit any act.

### D.    Offense Behavior Not Part of Relevant Conduct

Paragraph 59 through 63 of the PSR detail alleged communications between Becker and an unknown party identified as "Kylie."  This evidence was not charged conduct nor part of the evidence produced at trial. Becker denies these allegations. Because of this uncharged conduct not produced at trial, the PSR classifies Becker as "a repeat and dangerous sex offender against minors."  (*See* Doc. 96 at ¶ 67).

The advisory Guidelines define "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances

of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." *See* USSG §2G2.2, App. Note 1. Becker was denied an opportunity to challenge this alleged conduct during trial.  To include conduct intentionally omitted at trial for purposes of sentence enhancement is a violation of Becker's due process rights. As such, this Court should not consider the alleged communications with "Kylie" as "other criminal conduct."

This Court should not find that the Government has proven these allegations by a preponderance of the evidence and should not consider these unproven allegations in calculating the advisory Guidelines or, ultimately, when fashioning the appropriate sentence in this case. Becker respectfully objects to paragraphs 59 through 63.

### III.    Conclusion

Based on the foregoing, Becker respectfully objects to paragraphs: 7 through 27, 28, 36, 37, 38, 45, 47, 114, 115. Becker respectfully requests that this Court sustain his objections to the disclosure PSR.

Respectfully Submitted,

*Joseph M. Hogan, 47008MO*
7710 Carondelet Ave., Ste. 404
Clayton, MO 63105
Telephone: 314-863-9898
jmhogan4090@sbcglobal.net


### Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court and counsel for the United States, this 23rd day of December 2025.


Joseph M. Hogan, 47008MO