UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:24-CR-227-SEP |
| **DAVID BECKER,** | ) |
| | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM

David Becker never communicated with a former adult film star named Carole. He never communicated with Carole's daughter "Lea." He never communicated with either of them because they are not real people. David Becker was the victim of a hoax, known as "catfishing."  It was factually impossible for Mr. Becker to have committed any sexual acts with Carole or Lea because they never existed. Carole and Lea are figments of the imagination.  They were created by an unknown individual who communicated with David Becker online. Yet, the Presentence Investigation Report is recommending that Mr. Becker be sentenced to life imprisonment for the attempted coercion of a minor that doesn't exist.  Life imprisonment for a man with zero criminal history, who committed a victimless crime that was factually impossible to commit.  This does not seem possible in our American Justice System.

The Presentence Investigation Report is equally unrealistic concerning the charge of Possession of Child Pornography.  Mr. Becker was convicted of possessing **one image** (emphasis added) of known child pornography that resulted in a recommended sentencing range of 188-235 months imprisonment. That's fifteen and a half years to nineteen and a half years in prison for one single picture of child pornography.  How is that possible?

Thankfully, the days of mandatory guideline sentences are a thing of the past.  As Congress and the Supreme Court acknowledge, this Court is charged with the responsibility of evaluating Mr. Becker as an individual in crafting an appropriate sentence that is tailored particularly to him. *See Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for

the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue"). David Becker is 71 years old. His long, exemplary life of service to his community should mitigate the sentence imposed. Mr. Becker has been employed as a paramedic, or a firefighter, or a professor or consultant in those fields since 1977. That is 48 years of service to his community. He has zero criminal history. David Becker has lived a productive life as a valued member of society.

As a matter of law, this Court must make an individual assessment of the 18 U.S.C. § 3553(a) factors based upon all the facts presented. *Gall v. United States*, 552 U.S. 38, 50 (2007). Thus, while Mr. Becker maintains his innocence and intends to exercise his right to an appeal, he accepts that the Court must impose a punishment. David Becker respectfully requests that this Court sentence him to 120 months imprisonment. A sentence of 120 months effectuates the purpose of punishment articulated by Section 3553(a) and reflects the seriousness of the offense and will certainly deter and protect the public from future criminal conduct. Section 3553 calls upon courts to recognize relevant differences amongst defendants, even defendants with the same base offense level or guideline range. In arriving at a final sentence, the Court should impose a sentence no longer than necessary to (A) reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deter future criminal conduct; (C) protect the public from the defendant and (D) provide the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553.

While Mr. Becker maintains his innocence and his objections to the advisory Guideline calculations, it is important to note that many courts and scholars have long noted that the Guidelines applicable to child pornography charges are excessively harsh. When Chief United States District Judge M. Casey Rodgers testified before the United States Sentencing Commission in February 2012, she explained that she and other judges in her district "most often" concluded that the recommended guideline range was consistent with the factors set out in 18 U.S.C. § 3553(a). *Statement of Chief United States District Judge M. Casey Rodgers before the United States Sentencing Commission* (February 15, 2021), at 1-2. However, she testified that this was "not the case in the area of child pornography offenses," noting that many district court judges are "increasingly imposing below-guideline sentences based upon a concern over the integrity and reliability of [the child pornography] guidelines." *Id* at 3. The central flaw, she noted, is that "the cumulative effect over time from Congress's directives, direct amendments, and the

enactment of mandatory minimum for receipt, coupled with the Commissions efforts to comply with those directives" has been "ever increasing sentences that ferries the ordinary offender to the high end of the statutory sentencing range." *Id*. at 7. In particular, the "specific" offense characteristics that result in higher sentences are not so specific-rather, they are found in nearly every case. *Id*. at 7-10.

Judge Rodgers is not alone in her observations.  She is joined by numerous federal district and appellate courts-and even by the United States Sentencing Commission itself.  As the United States Court of Appeals for the Second Circuit observed with respect to the child pornography Sentencing Guidelines applicable in this case, the guideline "is fundamentally different from most in that, unless applied with great care, [it] can lead to unreasonable sentences that are inconsistent with what section 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).

In this case, the Presentence Investigation report concludes that Mr. Becker should receive enhancements because the material allegedly involved a prepubescent minor who had not attained the age of 12, allegedly involved sadistic or masochistic conduct, and because a computer was used (*See* Doc. 96 at para. 35, 37, 39).  But, as the Second Circuit recognized, these enhancements that increase Mr. Becker's advisory guideline range apply in the overwhelming majority of cases. *Dovree*, 616 F.3d at 186.  These exact concerns were addressed in a United States Sentencing Commission report, published in June 2021, which notes that in fiscal year 2019, "nearly every offense (99.4%) included prepubescent victims," that "over 95 percent of non-production child pornography offenders received enhancements for use of a computer and for the age of the victim (images depicting victims under the age of 12)" and that "enhancements for images depicting sadistic or masochistic conduct (84.0 %) were also applied in most cases." United States Sentencing Commission, *Federal Sentencing of Child Pornography Non-Production Offenses*, June 2021 at 4. In this case, Mr. Becker was convicted of possessing **one image** (emphasis added) of known child pornography that resulted in a recommended sentencing range of 188-235 months imprisonment.  This case is exactly what Judge Rodgers warned the United States Sentencing Commission about.

When considering a sentence for Mr. Becker, the law requires this Court to seek to avoid unwanted sentencing disparities among similarly situated defendants throughout the country. *See* 18 U.S.C. § 3553(a)(6). Defense counsel has concluded that in regard to count one, Possession of Child Pornography, Mr. Becker has no similarly situated defendants. Counsel was unable to identify anyone convicted of

possessing a single image of child pornography.

On February 16, 2023, U.S. District Judge Audrey Fleissig was tasked with pronouncing sentence in the case of *United States of America v. Rodney Price*, 4:20-CR-00759-AGF.  Mr. Price was found guilty after a trial by jury of one count of Receipt of Child Pornography and one count of Access with Intent to View Child Pornography. Counsel for the government was A.U.S.A. Jillian Anderson, and counsel for the defendant was Joseph M. Hogan.   Per the Final Presentence Investigation Report (*Doc. 145*), Mr. Price was found to be in possession of between 300 to 600 images of child pornography. Several of the images were videos of children being sexually assaulted by adults.  It was further determined the material he possessed involved a prepubescent minor who had not attained the age of 12, involved sadistic or masochistic conduct, and that a computer was used *(Doc. 145, pg. 8 para. 24, 25, 26)*.  Mr. Price did not accept responsibility by entering a guilty plea.  He held the government to its burden and proceeded to a trial by jury.  Mr. Price was sentenced to 84 months in the Federal Bureau of Prisons.

On May 23, 2016, U.S. District Judge Henry Autrey pronounced sentence in the case of *United States of America v. Alimayo Darden*, 4:15-CR-00561-HEA.  Mr. Darden entered pleas of guilty to one count of Receipt of Child Pornography and one count of Possession of Child Pornography. Counsel for the defendant was Joseph M. Hogan.   Per the Final Presentence Investigation Report (*Doc. 36*), Mr. Price was found to be in possession of over 600 images of child pornography. It was further determined the material he possessed involved a prepubescent minor who had not attained the age of 12, involved sadistic or masochistic conduct, and that a computer was used *(Doc. 36)*.  Mr. Darden was sentenced to 80 months in the Federal Bureau of Prisons.

These cases did not involve one single image of child pornography.  The images in possession of the respective defendants were between 300 to 600 and over 600 images.  Both defendants were subjected to same enhancements that are currently being recommended against Mr. Becker.  Yet, David Becker is facing a recommended sentencing range of 188-235 months imprisonment in the Federal Bureau of Prisons for possessing one image.

The Court was present for the testimony of detective Amy Irwen.  The government had the detective read into the record, for hours and hours, graphic sexual online communications between Mr. Becker and the imaginary Carole. Counsel objected to its cumulative nature and was concerned about the prejudicial effect it would have on the jury. Counsel still has that concern for sentencing

purposes.  This Court should not let the shock value of leud sexual conversations detract from the facts of this case.  As to the Attempted Coercion and Enticement of a Minor count, there was never any physical threat to any living person in this case.  This case is built entirely on the thoughts, words and alleged planned activities of Mr. Becker.  Even if Mr. Becker had traveled to France, there was no one there for him to meet.  Carole and Lea never existed. While irrelevant to the issue off guilt or innocence, this is valuable consideration for the purpose of sentencing.

When this Court considers an appropriate sentence for David Becker, it is important to note that a defendant's guideline range is advisory. *United States v. Booker*, 543 U.S. 220, 244 (2005).  Under *Booker* and its progeny, sentencing courts may not treat the applicable guideline range as presumptively reasonable. *Nelson v. United States*, 129 S.Ct. 890 (2009). Instead, the advisory guideline range must be weighed against the other factors listed in 18 U.S.C. § 3553(a).  *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007).  In the pursuit of a just sentence, district courts may devise policies and impose sentences that are at odds with the policies articulated by the Federal Sentencing Guidelines.  *Spears v. United States*, 129 S.Ct. 840 (2009).  Regardless of what the applicable guideline range suggests, 18 U.S.C. § 3553(a) directs the district courts to impose a sentence no longer than necessary to accomplish the purposes of punishment pursuant to § 3553. This Court can grant a sentence of 120 imprisonment in accordance with *Booker* and § 3553(a).

Regardless of the Court's determination of the applicable Guidelines range, a sentence of 120 months imprisonment is sufficient, but not greater than necessary to effectuate all the purposes of punishment the Court must consider pursuant to § 3553.  There is no reason to believe that any prison time greater than 120 months is necessary to further the goals of rehabilitation, deterrence, incapacitation of a 71-year-old man with a criminal history score of zero.

WHEREFORE, the defendant respectfully requests this Honorable Court grant a sentence of 120 months, in accordance with the previously mentioned factors stated in this sentencing memorandum.

                                            Respectfully submitted,

  /S/ JOSEPH M. HOGAN  
Joseph M. Hogan, 47008MO  
Attorney for Defendant  
7710 Carondelet, Ste. 404  
Clayton, Missouri 63105  
(314) 863-9898  
jmhogan4090@sbcglobal.net  


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically delivered to:

United States Attorney's Office  
111 South 10th Street  
St. Louis, Missouri 63102

This 31st day of December 2025.

  /S/  JOSEPH M. HOGAN