UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-CR-227 SEP/PLC |
| DAVID S. BECKER | ) ) ) |
| Defendant. | ) ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through its Attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Jillian S. Anderson, Assistant United States Attorney for said District, and files this response to the Defendant's objections to the Presentence Investigation Report (PSR) (Doc. 96).

1. On December 23, 2025, the Defendant filed objections to the PSR (Doc. 105). The Defendant's objections were both generalized and specific. In general terms, the Defendant objects to paragraphs 7-27 of the PSR as he maintains his innocence. The government submits that the evidence presented in trial and the verdict of the jury are sufficient to overrule this objection. The Defendant also makes a general objection to the PSR's contention in paragraph 115 that there are no grounds for the imposition of a sentence that constitutes a downward variance from the U.S. Sentencing Commission's (USSC) applicable sentencing guideline range of 360 months to life.

1

The government recognizes that the Defendant may make argument that the relevant sentencing factors under Title 18, United States Code, Section 3553(a) may warrant a sentence below the guideline range recommended in the PSR. The government anticipates recommending a sentence of fifteen (15) years imprisonment followed by lifetime supervised release and all appropriate restitution and assessments – a sentence below the recommended range of the USSC according to the PSR.

2. The Defendant makes specific objections to paragraphs 28, 36-38, 45, 47 and 114 of the PSR, which the government will address as follows:

    a. <u>Paragraph 28</u>: The identity and existence of "Lea," the Defendant's intended victim in Count Two of the Superseding Indictment, is unknown. The government does not argue that the actual impact of the Defendant's crime on "Lea" should be a consideration for the Court in sentencing. Instead, the focus of the Court's consideration as to Count Two of the Superseding Indictment should be the crimes the Defendant intended to inflict on who he believed to be an eleven-year-old child. The Defendant's objection to paragraph 28 is silent on the issue of the impact of the Defendant's crime of possession of child pornography (Count One of the Superseding Indictment). The PSR is correct in noting the impact of the victims of Count One of the Superseding Indictment as the jury found the Defendant guilty of possessing the sexual abuse images of three actual individuals. One of these three images depicts the abuse of a Russian child who has been identified by law enforcement. None of the victims of Count One has provided a victim impact statement in this case, nonetheless the Defendant's assertion that his crimes were

victimless is inaccurate. While the Court cannot weigh the specific impact of the Defendant's crimes on a particular individual, the government respectfully submits that the victimization of multiple children in Count One of the Superseding Indictment and the Defendant's intended victimization of a minor in Count Two of the Superseding Indictment are relevant factors under 18 U.S.C. §3553(a).

b. <u>Paragraph 36</u>: The government recommends the addition of two (2) levels under USSG §2G2.2(b)(3)(F) instead of five (5) levels under USSG §2G2.2(b)(3)(B). As established in government's trial exhibit 39, on October 10, 2022, the Defendant distributed an image of child pornography (the image identified as government's trial exhibit 38) over social media to an unidentified individual that the Defendant knew as "Carole." This distribution of child pornography to "Carole" occurred during communications that occurred over many months in which the Defendant and "Carole" discussed their plans to sexually abuse "Carole's" minor daughter "Lea." While the government submits that the evidence supports that the Defendant distributed child pornography to "Carole" in furtherance of his expectation to sexually abuse "Lea," the government concedes that there is not explicit evidence that the Defendant and "Carole" agreed to a specific exchange of child pornography for access to "Lea." *See United States v. Oliver*, 919 F.3d 393, 400-04 (6th Cir. 2019); *United States v. Halverson*, 897 F.3d 645, 165 (5th Cir. 2018).

c. <u>Paragraph 37</u>: The jury found that the Defendant possessed multiple images of child pornography including an image that depicted a hand inserting fingers into the vaginal area of a minor female. The Eighth Circuit has defined the §2G2.2(b)(4)

3

phrase "material that portrays sadistic or masochistic conduct" very broadly it includes "any image that depicts the oral, vaginal, or anal penetration of a minor by a substantially older person (even another minor)." *United States v. Meillier,* 650 F. Supp. 2d 887, 896 (D. Minn. 2009) *citing United States v. Diaz*, 368 F.3d 991, 992 (8th Cir.2004), *see also, United States v. Koch*, 625 F.3d 470, 480 (noting that the 8th Circuit has concluded that sexual penetration of a minor by an adult is per se sadistic)(citations omitted); *United States v. Hennings*, 23 F.4th 820, 823 (8th Cir. 2022)(finding that a depiction of digital penetration qualifies as sadistic under §2G2.2(b)(4)).

d. Paragraph 38: The government is not contesting the Defendant's objection to the addition of five (5) levels under §2G2.2(b)(5) as the definition of "minor" in the application notes does not appear to include fictitious minors that are not undercover law enforcement officers.

e. Paragraph 45: The government is not contesting the Defendant's objection to the addition of two (2) levels under §2G1.3(b)(2)(B). As this enhancement does not apply to fictitious minors who are not undercover law enforcement officers, the government does not seek to apply this enhancement to the Defendant's conduct involving "Lea," a potentially fictitious minor.

f. Paragraph 47: The government is not contesting the Defendant's objection to the addition of eight (8) levels under §2G1.3(b)(5). As this enhancement does not apply to fictitious minors who are not undercover law enforcement officers, the

4

    government does not seek to apply this enhancement to the Defendant's conduct involving "Lea," a potentially fictitious minor.

    g. <u>Paragraph 114 and Paragraph 56</u>: The Defendant objects the characterization in paragraph 114 of the PSR that he is a repeat and dangerous sex offender against minors. The PSR determined the Defendant to be a repeat and dangerous sex offender against minors as per USSG §4B1.5(b) as Count Two (Coercion and Enticement of a Minor in violation of 18 U.S.C. §2422(b), a chapter 117 offense) is a "covered sex crime" and the PSR maintains that the Defendant engaged in a pattern of activity involving prohibited sexual conduct in that the Defendant engaged in attempted aggravated sexual abuse of "Lea" and "Nicole" pursuant to 18 U.S.C. §2241(c). The government assumes that the Defendant's objection to paragraph 114 of the PSR also reflects his objection to paragraph 56 of the PSR and the application of five (5) levels under USSG §4B1.5(b)(1). The government is not contesting any objection by the Defendant to the addition of five (5) levels under §4B1.5(b). As this enhancement does not apply to fictitious minors who are actually undercover law enforcement officers, the government does not seek to apply this enhancement to the Defendant's conduct involving "Lea" and "Nicole" potentially fictitious minors.

3. The government also notes that it does not believe the increase of two (2) levels under USSG §2G1.3(b)(3) is applicable. As this enhancement does not apply to fictitious minors who are undercover law enforcement officers, the government does not seek to

apply this enhancement to the Defendant's conduct involving "Lea," a potentially fictitious minor.

4. The government respectfully submits that the accurate USSG range applicable to this case is likely to be a total offense level of 31, based on an adjusted subtotal offense level of 28 as to Count One and an adjusted subtotal offense level of 28 as to Count Two with the addition of two levels under USSG §3C1.1 and of one level under USSG §3D1.4. This would yield a USSG recommended sentencing range of 108 – 135 months.

5. The government will be recommending to the Court a sentence of fifteen (15) years imprisonment followed by lifetime supervised release as well as a $17,000 assessment under the Amy, Vicky and Andy Act, 18 U.S.C. §2259A. This represents a request for an upward variance from the guidelines as calculated by the government and a downward variance from the guidelines as calculated by the U.S. Probation Office. The bases for the government's request for an upward variance are set forth in 7 – 27 of the PSR as well as the evidence presented during the trial of this case.

Wherefore, the government respectfully requests that the Defendant's objections to certain paragraphs of the PSR be overruled or sustained as set forth above.

    Respectfully submitted,

    THOMAS C. ALBUS
    United States Attorney

    */s/Jillian S. Anderson*
    JILLIAN S. ANDERSON, #53918MO
    Assistant United States Attorney